UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>LUIS MANUEL PALOMARES,<br><br>            Defendant. | Case No. 12-CR-00072-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant's Motion to Suppress (Dkt. 19). The issue presented by the motion – whether a police officer gave a proper *Miranda* warning – is purely legal and the parties' arguments are adequately presented in the briefs. The Court will therefore decide the motion without oral argument or an evidentiary hearing. *See generally United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (evidentiary hearing on suppression motion required "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.").

For the reasons explained below, the Court will grant the motion.

## BACKGROUND

At around 2:30 in the morning on January 15, 2012, Luis Palomares was arrested, taken to the Meridian, Idaho police station, and interviewed by Officer Kevin Kinnaman. Officer Kinnaman began the interview by reading this warning to Palomares:

> You have the right to remain silent.  Anything you say can and will be used against you in court.  You have the right to talk to an attorney for advice before we ask you any questions.  If you can't afford one, one will be appointed for you.  All right?  Do you mind telling me about the gun?"

*Transcript of Interview, Ex. F*, at 2.

Palomares responded to the officer's questions and made several incriminating statements.

After this early-morning interview, Palomares was taken from the Meridian police station to the Ada County Detention Center.  At around 5:00 p.m. that same day, Palomares was interviewed a second time, this time by Detective Rick Brockbank.  The first part of the recorded interview reads as follows:

> Brockbank:   I understand you were brought in early this morning, late last night, something like that, is that correct?
>
> Palomares:   Yes.
>
> Brockbank:   Before we get too much further, let me get this stuff out of the way, all right?  You have the right to remain silent.
>
> Palomares:   Okay.
>
> Brockbank:   Anything you say can and will be used against you in a court of law.  You have a right to have an attorney present to represent you.  If you can't afford an attorney, one will be provided at government expense.  Do you understand that?

*Transcript of Interview, Ex. D*, at 2.

**MEMORANDUM DECISION AND ORDER - 2**

Afterward, Palomares again made incriminating statements.

In his suppression motion, Palomares challenged *Miranda* warnings given in connection with both interviews.  The government, however, concedes that the first warning was constitutionally deficient "because it advised the defendant specifically that he had a right to an attorney *prior to* being questioned, but did not also advise the defendant that he could have an attorney present *during* questioning."  *Gov't Opp.*, at 3 (emphasis added).  Thus, Palomares ultimately focused only on Detective Brockbank's warning, which was given in connection with the second interview.

## ANALYSIS

Palomares argues that his responses to Detective Brockbank's questions must be suppressed because he was not given the full warning required by *Miranda v. Arizona*, 384 U.S. 436 (1966).  *Miranda* prescribes four warnings:

> [A suspect] must be warned prior to any questioning (1) that he has the right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney, and (4) that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Id.* at 479.

The third warning – the right to the presence of an attorney – actually encompasses two separate warnings.  That is, under *Miranda,* "the suspect must be informed . . . that he has the right to an attorney *before and during* questioning." *Duckworth v. Eagan*, 492 U.S. 195, 201 (1989).

The Ninth Circuit has adhered to this precedent, often explaining that both components of the right-to-counsel warning must be "clearly" conveyed.  In *United States*

*v. Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002), for example, the court held that "[i]n order to be valid, a *Miranda* warning must convey clearly to the arrested party that he or she possesses the right to have an attorney present *prior to and during* questioning." *United States v. Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002) (emphasis added). And if the suspect confesses "absent the knowledge that he or she possesses the right to have an attorney present prior to and during questioning, . . . ." that confession is "unreliable and may not be admitted at trial." *Id.* at 389.

Despite the conceptual clarity regarding the two separate rights encompassed within the right-to-counsel warning, the Supreme Court has never dictated the exact language to be used in giving any part of the *Miranda* warning. *Florida v. Powell*, 130 S. Ct. 1195, 1204 (2010). Any wording will do so long as it reasonably conveys the essential message. *Id.* Courts are thus not required to examine the words used "as if construing a will or defining the terms of an easement." *Id.* (quoting *Duckworth*, 492 U.S. at 201). Further, the entire warning will be viewed in context to determine whether it complies with *Miranda.* *Id.* at 1204-05.

In *Florida v. Powell*, 130 S. Ct. 1195 (2010), for example, Supreme Court held that the following warning complied with *Miranda* even though it failed to explicitly state that the suspect could have an attorney present during questioning:

> You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. *You have the right to talk to a lawyer before answering any of our questions*. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. *You have the right to use any of these rights at any time you want during this interview*.

*Id.* at 1200 (emphasis added).  In finding the warning adequate, the Supreme Court focused on the two italicized sentences, ultimately determining that when they were read together, the suspect was fully informed of his right to any attorney.  As the Court explained, "[t]he first statement communicated that Powell could consult with a lawyer before answering any particular question, and the second statement confirmed that he could exercise that right while the interrogation was underway.  In combination, the two warnings reasonably conveyed Powell's right to have an attorney present, not only at the outset of the interrogation, but at all times."  *Id.* at 1204-05.

In *Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985), a divided panel of the Ninth Circuit upheld a similar warning regarding the right to counsel, which stated:  "You have a right to consult with a lawyer *and* to have the lawyer present with you while you are being questioned."  *Id.* at 1342 (emphasis added).  The court held that when this entire sentence was read together, "the first part of that sentence read in context with the latter half of the sentence does adequately convey notice of the right to consult with an attorney before questioning."  *Id.*  at 1343.

In this case, Detective Brockbank's warning does not state that Palomares has a right to consult with an attorney before questioning.  Rather, it is entirely general; he was told only that he had "a right to have an attorney present to represent [him]."  And unlike the *Powell* or *Snaer* warnings, no other part of this warning can be read in context to save it.  The Court cannot, therefore, conclude that Detective Brockbank's warning "clearly conveyed" to Palomares his right to consult with an attorney before questioning.

The government argues that a general *Miranda* warning such as this is sufficient because it does not specifically refer to one component of the right-to-counsel warning – say the right to the presence of an attorney *before* questioning – while leaving out the other. Neither the Supreme Court nor the Ninth Circuit has addressed this precise issue,[1] but this Court concludes that *Miranda* and its progeny require more. Suspects should not be forced to infer from general advice about their right to any attorney that they also have the right to consult with an attorney before any questioning begins. *Cf. Powell*, 130 S. Ct. at 1212 n.8 (Stevens, J., dissenting) ("I am doubtful that warning a suspect of his 'right to counsel,' without more, reasonably conveys a suspect's full rights under *Miranda* . . . ."). Both warnings must be *clearly* conveyed – either explicitly or implicitly. *Accord United States v. Tolivar*, 480 F. Supp. 2d 1216 (D. Nev. 2007) (adopting report and recommendation, which concluded that *Miranda* may be violated by a general warning).

In this regard, the government suggests that the right to consult with an attorney was implicitly conveyed to Palomares because it was given at the outset of questioning.

---

[1] In a 1969 decision, *Sweeney v. United States*, 408 F.2d 121 (9th Cir. 1969), the Ninth Circuit stated in dicta that a general warning about the right to counsel was sufficient. But in that case, the defendant did not move to suppress his statements, nor did he object to testimony at trial regarding his statements. So the court reviewed admission of his statements under a plain error standard, concluding that although the right to consult with counsel prior to and during questioning might be inferred, the warning may not have been sufficient to comply with the requirements of *Miranda*. The court ultimately concluded, however, that if defendant had preserved the *Miranda* objection below, the officers might have been able to show that the defendant was properly Mirandized. The court therefore affirmed the defendant's conviction.

This Court does not consider *Sweeney* binding however, because (1) *Sweeney* did not indicate that the court would have upheld the warnings if they had been properly challenged by defendant; and (2) after *Sweeney*, the Ninth Circuit has repeatedly clarified that suspects must be "clearly" informed about the right to counsel *prior to and during* questioning. *See, e.g., United States v. Noti*, 731 F.2d 610 (9th Cir. 1984).

Palomares argues that questioning was actually already underway, but the Court need not resolve this dispute. Even assuming questioning had not yet started, the mere fact that a general warning is given before questioning begins is not enough. It cannot be assumed that suspects will automatically understand that the "right to have an attorney present to represent you" means that they can talk with the attorney before questioning begins.

Similarly, the Court is not convinced by the government's suggestion that Detective Brockbank's warning was sufficient because he recited the four *Miranda* warnings quoted above "nearly verbatim." *See supra*, at 3 (quoting the four *Miranda* warnings: *Gov't Opp.*, at 8. The warning was only nearly verbatim, and not exactly verbatim, because Detective Brockbank left out a key part of the fourth warning, which tells a suspect that "if [you] . . . cannot afford an attorney one will be appointed for [you] *prior to any questioning if [you] so desire[]*." *Miranda,* 384 U.S. at 471 (emphasis added). Thus, comparing Detective Brockbank's warning to the four prescribed *Miranda* warnings actually supports Palomares' position, not the government's.

A more useful exercise is to compare Detective Brockbank's warning to the FBI's standard warning, which is a model of clarity. It goes like this:

- Before we ask you any questions, you must understand your rights.

- You have the right to remain silent.

- Anything you say can be used against you in court.

- *You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning.*

**MEMORANDUM DECISION AND ORDER - 7**

- If you cannot afford a lawyer, one will be appointed for you before any questioning *if you wish*

- If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time.

- You also have the right to stop answering at any time you talk to a lawyer.

*Duckworth v. Eagan*, 492 U.S. 195, 203 & 203 n.4 (1989) (emphasis added) (quoting the FBI's then-standardized *Miranda* warnings); *see also id.* at 220 (Marshall, J., dissenting) (characterizing the quoted FBI's warning as "crystal-clear"). Of course, law enforcement officers do not necessarily need to follow the FBI's standard warnings to comply with *Miranda,* but it is a useful benchmark. It illustrates the defects in the warning given to Palomares.

In sum, the Court finds that Detective Brockbank's warning failed to fully satisfy *Miranda*. Consequently, any responses Palomares gave to Brockbank's questions will be excluded from the Government's case-in-chief. The statements will, however, remain admissible for impeachment purposes. *See Harris v. New York*, 401 U.S. 222 (1971).

With this ruling, the Court need not address Palomares' other arguments in detail. Briefly, however, the Court is not persuaded by Palomares' argument that the warning was deficient because it implies that counsel would not be available until some future point. This argument is foreclosed by *Duckworth v. Eagan*, 492 U.S. 195, 201 (1989). In that case, the Supreme Court was unconcerned by a warning that explicitly informed the suspect that an attorney would be appointed "if and when you go to court." [2]  492 U.S.

---
[2] The entire warning considered in *Duckworth* is as follows: "Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. *You have a right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning.* You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. *We have no way of giving you a*

198, 201.  If a clear message such as this did not taint an otherwise sufficient *Miranda* warning, the Court does not believe that any implicit suggestion is enough to further taint the *Miranda* warning given to Palomares.

Palomares also takes issue with the term "represent" – pointing out that if an attorney represents you, the attorney is speaking for you, not necessarily consulting with you. Arguments such as this may well have been what prompted the Supreme Court to clarify that lower courts need not construe *Miranda* warnings like easements or wills.  The deficiency in Detective Brockbank's warning is a failure to clearly convey the right to consult counsel before questioning – not the use of the term "represent."

## ORDER

In accordance with the Memorandum Decision above,

**IT IS ORDERED** that defendant's Motion to Suppress (Dkt. 19) is **GRANTED.** Any statements Palomares made in response to questioning on January 15, 2012, either at the Meridian Police Station or at the Ada County Detention Center, will therefore be excluded from the Government's case-in-chief.

DATED:  **August 1, 2012**

Honorable Edward J. Lodge
U. S. District Judge

---

lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you've talked to a lawyer."  492 U.S. at 198 (emphasis in original).